UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| ANTHONY CULWELL, | ) ED CV 07-795-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| MICHAEL ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

I. PROCEEDINGS

This matter is before the court for review of the decision of the Commissioner of Social Security denying Plaintiff's application for SSI benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed pleadings, Defendant has filed

the certified transcript of record, and the parties have filed a Joint Stipulation. For the reasons below, the Commissioner's decision denying benefits is reversed and remanded.

## II. BACKGROUND

In June 1985, Plaintiff Anthony Culwell was walking to a baseball game when he was hit by a drunk driver's car. He broke his right upper arm and injured his lower back (Administrative Record ["AR"] 218). Plaintiff then underwent operative treatment for his right humerus and had an internal fixation removed. (AR 218). However, the arm fracture was not set properly and healed very abnormally. In the aftermath, Plaintiff began experiencing depression, anxiety, suicidal ideation, intrusive memories of the accident, sleeping problems, and difficulties with memory and concentration. (AR 83, 174-175).

On January 28, 2002, Plaintiff applied for Supplemental Security Income (SSI) under Title XVI, alleging disability beginning June 1, 1998. The claim was initially denied on April 19, 2002 and upon reconsideration on December 6, 2002. Plaintiff then filed a timely request for a hearing on February 7, 2003. A hearing was held in San Bernardino, California on May 19, 2004. (AR 188).

At the hearing, the ALJ, Peter Valentino, concluded that Plaintiff retained the residual functional capacity (RFC) to perform his past work as a delivery driver, a finding which was supported by vocational expert (VE) testimony. (AR 188).

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a Complaint with the United States District Court, which remanded the case on October 11, 2005. On June 14, 2006, the Appeals Council, in turn, remanded the case for further proceedings consistent with the Order of the District Court. Another hearing was held before another ALJ, John Belcher, in San Bernardino on January 23, 2007. (AR 188).

At the second hearing, Plaintiff testified to experiencing a myriad of problems. He recounted that in 1985, when he was thirteen years old, he was struck by a car, which broke his right hand and fractured three back vertebrae. (AR 285). Plaintiff said he broke his arms many more times in the nineties and twice in 2007. He stated that he went to several emergency rooms and started using a sling and seeing a chiropractor. (287-288). Plaintiff also testified that when he walks, he experiences back pain and limps a lot, the condition of which is aggravated by his significant weight gain. (AR 276). He also said he has difficulty controlling his anger, remembering things, and sleeping. (AR 274, 283, 284). In addition, Plaintiff claimed to have problems with depression, which allegedly makes it difficult for him to summon the will to follow through on tasks, such as seeking proper treatment. (AR 282).

On March 30, 2007, the second ALJ denied Plaintiff disability benefits. The ALJ found that although Plaintiff had severe impairments, including a non-united fracture of the right arm, affective disorder, and pain disorder, they did not medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also found that Plaintiff had the RFC to perform jobs that exist in significant numbers in the national economy. (AR 190-195).

Plaintiff challenges the ALJ's decision on three grounds. Plaintiff alleges that the ALJ erred in (1) failing to meet the burden of proving that Plaintiff can perform other work; (2) not properly considering the consultative examiner's findings; and (3) posing an incomplete hypothetical to the VE.

For the reasons discussed below, the Court finds that Plaintiff's first claim of error has merit. Since the matter is remanded for further proceedings based on Plaintiff's first claim of error, the Court will not address Plaintiff's second or third claim of error.

### III. DISCUSSION

**ISSUE NO. 1** Commissioner did not meet the burden of proving that Plaintiff can perform other work.

Plaintiff asserts that the ALJ failed to meet the burden of proving that Plaintiff can perform "other work." Specifically, Plaintiff asserts that the ALJ confirmed that Plaintiff cannot engage in handling, finger manipulation, or reaching overhead or below the shoulder. Despite this, the ALJ relied on VE testimony to determine that Plaintiff could perform work as a Small Products Assembler, Cleaner/Housekeeper, or a Mail Clerk. Plaintiff maintains that this finding contradicts his RFC.

Defendant responds that the ALJ properly based his findings on the VE's testimony about Plaintiff's RFC. Specifically, Defendant argues that the VE is an expert who considered Plaintiff's abilities and properly matched them to the exertional requirements of the recommended jobs.

The applicable law requires a twofold analysis. First, this Court must determine whether there was a contradiction at all. In other words, did the VE's testimony, upon which the ALJ relied, deviate from the Dictionary of Occupational Titles (DOT)? Second, if so, in order for an ALJ to accept VE testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). There is a deviation if an inconsistency exists between the VE's testimony and the DOT.

At the hearing, the VE testified to considering Plaintiff's RFC:

> Able to lift and/or carry up to 20 pounds occasionally and up to ten pounds frequently; able to push and/or pull consistent with the limitations for lifting and carrying; able to stand and/or walk six hours and sit for six hours during an eight-hour workday, although must be able to change positions once per hour;

    cannot climb ladders, ropes of scaffolding, but can occasionally climb stairs; can occasionally balance, bend or stoop, crouch, kneel, and crawl; <u>must avoid</u> concentrated exposure to extreme cold and <u>all exposure to vibration and vibratory tools</u>; <u>can use his right arm as a helping hand only</u>; can do moderately complex work in a relatively habituated, object-oriented work setting that does not require safety operations or hypervigilance; and cannot have intense interpersonal contact with coworkers, supervisors, or the public.

(AR 191, 302-303 (emphasis added)).

    Despite these findings, the VE determined that Plaintiff could perform the work of a Small Products Assembler, Cleaner/Housekeeper, and Mail Clerk. (AR 315-316).

    First, according to the DOT, a Small Products Assembler positions parts in specified relationship to each other. He bolts, screws, clips, cements, or otherwise fastens parts together by hand, using handtools, portable powered tools, or bench machines. The degree to which a Small Products Assembler handles things is significant. He must possess a medium degree of finger and manual dexterity and is constantly reaching, constantly handling, and constantly fingering. DICOT 739.687-030.

    The ALJ determined that Plaintiff can use his right arm as a helping hand only. (AR 191). There is considerable debate about what a "helping hand" is. Plaintiff asserts that the ALJ's finding precludes him from handling, finger manipulation, and reaching over the head or below the shoulder. Defendant responds that the ALJ merely meant that Plaintiff can use his right extremity for "helping" purposes only. However, the hearing transcript reveals that Plaintiff's attorney asked, "Your Honor, if I may clarify, please, the, the right hand is not able to engage in handling, fingering, or reaching, is that correct?" The ALJ responded, "That's correct. It's a helping hand…one that he could use for balance, you know,

if he was lifting something with his hand, he could use the other hand to help balance it." (AR 304-305).

Therefore, Plaintiff's "helping hand" would preclude him from the constant reaching, handling, and fingering required of a Small Products Assembler. In addition, the ALJ found that Plaintiff must avoid vibratory tools. (AR 191). This is inconsistent with the requirement that a Small Products Assembler use power tools and bench machines. Therefore, Plaintiff's RFC is incompatible with the exertional requirements of a Small Products Assembler.

Next, the DOT describes the work of a Cleaner/Housekeeper, who cleans rooms and halls in commercial establishments. He sorts, counts, folds, marks, or carries linens, makes beds, replenishes supplies, checks wraps and renders personal assistance to patrons, moves furniture, hangs drapes, and rolls carpets. The degree to which a Cleaner/Housekeeper handles objects is significant. He performs frequent reaching, frequent handling, and occasional fingering. DICOT 323.687-014.

As established above, Plaintiff's "helping hand" precludes him from handling, fingering, and reaching. Although a Cleaner/Housekeeper only occasionally performs fingering, he engages in frequent reaching and handling, which Plaintiff cannot perform. Therefore, Plaintiff's RFC also contradicts the exertional requirements of a Cleaner/Housekeeper.

Finally, the DOT identifies a Mail Clerk as someone who sorts incoming mail for distribution and dispatches outgoing mail. He open envelopes, stamps mail, and readdresses undeliverable mail. He may fold letters and insert them in envelopes, distribute and collect mail, weigh mail, record registered mail, and handle bills. The degree to which a Mail Clerk handles objects is significant. He performs frequent reaching, frequent handling, and frequent fingering. DICOT 209.687-026.

For the same reasons as above, Plaintiff cannot perform the work of a Mail Clerk. His right "helping hand" cannot handle, finger, or reach objects, which a

Mail Clerk must perform with frequency. Therefore, Plaintiff's RFC also contradicts the exertional requirements of a Mail Clerk.

Defendant asserts that nothing in the corresponding sections of the DOT suggests that the jobs require "bilateral" upper extremity activities. In other words, Plaintiff need not use both hands to perform the jobs. If this is the case, then he may still be able to perform reaching, handling, and fingering as required by the jobs with his left hand.

Although the DOT does not state that the jobs in question require bilateral hand use, a common sense approach to reading the description of each of the jobs seems to indicate that Plaintiff would need to use both hands. As a Small Products Assembler, it would be difficult to impossible to use only the left hand to position two or more parts together for bolting, screwing, clipping, cementing, or fastening. As a Cleaner/Housekeeper, it would be difficult to impossible to use only the left hand to fold linens, make beds, move furniture, and hang drapes. As a Mail Clerk, it would be difficult to use only the left hand to fold letters and insert them in envelopes and distribute and collect large volumes of mail. In Plaintiff's case, the difficulty of performing such tasks with only the left hand is compounded because Plaintiff is right-hand dominant. (AR 140). Although Plaintiff's orthopedic surgeon, David Drake, reported that Plaintiff has decreased right dominant hand grip strength, Plaintiff is still left hand non-dominant. (AR 141). Performing the work of a Small Products Assembler, Cleaner/Housekeeper, or Mail Clerk with only the left hand would be extremely problematic.

Even taking the issue of bilateral hand use into account, there appears to be an inconsistency between Plaintiff's RFC as acknowledged by the VE and the DOT. Therefore, the ALJ erred in definitively finding that "the VE's testimony is consistent with the information contained in the DOT." (AR 195).

Since there appears to be a deviation, this Court must next determine whether there is persuasive evidence to support the deviation. "Persuasive evidence" is

explained in Johnson, supra. In Johnson, the ALJ found that the claimant was restricted to sedentary work. The VE considered this, but recommended the claimant to DOT jobs that were described as "light," a more strenuous category that "sedentary." Johnson, 60 F.3d, 1434. Although there was a deviation, the Ninth Circuit denied benefits because there was persuasive evidence to support the finding. Specifically, there was testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant. Id at 1435. Because the demands of the jobs the VE recommended did not exceed the abilities the ALJ found the claimant to possess, the VE rebutted the presumption that the claimant could not perform the occupations classified as "light" by the DOT. Id at 1436.

      This case is markedly different from Johnson because there was no testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of Plaintiff. This was a deviation that was unexplained. The VE found that Plaintiff can be a Small Products Assembler or Cleaner/Housekeeper. Both jobs appear to require bilateral hand use. This would require Plaintiff to use his right "helping hand," which cannot handle, reach, or finger as required by those jobs. Despite this seeming contradiction, the VE did not explain why Plaintiff might still be able to perform the jobs. The VE also found that Plaintiff can be a Mail Clerk. Although it appears that this job demands less bilateral hand use, the VE still did not explain why Plaintiff, given his limitations, would be suited for the job. The VE must clarify how Plaintiff may overcome the inconsistencies and can perform specific "other work."

      This case requires a remand because it is ambiguous whether the jobs the VE found suitable require bilateral hand use. The VE did not provide sufficient explanation to justify a deviation from the DOT. The ALJ erred in failing to resolve the ambiguity concerning bilateral hand use, and in failing to provide an explanation for the deviation.

IV.  ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: July 25, 2008

_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE